## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Lee Phillips, #312606, | ) | C/A No.: 1:19-3533-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Officer Thomas Pattman, Officer | ) | |
| Landry, Officer Cummings, Nurse | ) | |
| Birchmoore, Nurse Takisha Smith, | ) | |
| Nurse White, Mental Health | ) | ORDER |
| Counselor Harris, Warden Michael | ) | |
| Stephan, Deputy Warden Brandi | ) | |
| Lathan, and Mental Health Doctor | ) | |
| Taresa Torres, each in their | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Joshua Lee Phillips ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his rights while an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC") against the above-named defendants ("Defendants"). More specifically, Plaintiff alleges that on May 3, 2019, corrections officers assaulted him, or witnessed the assault without intervening, and his resulting injuries were not appropriately treated.

This matter comes before the court on Plaintiff's motion to amend his complaint. [ECF No. 90]. The motion having been fully briefed [ECF Nos. 90,

91], it is ripe for disposition. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings.

For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## I.    Factual and Procedural Background

Plaintiff filed this action on December 19, 2019, asserting his Eighth Amendment rights had been violated when Defendants employed excessive force against him or witnessed without intervening and/or were deliberately indifferent to his serious medical needs thereafter. [*See* ECF No. 1]. On July 15, 2020, the undersigned issued an order that, in part, granted Plaintiff's fifth extension of time to amend his complaint, providing motions to amend pleadings were to be filed no later than August 10, 2020, discovery would be completed no later than September 9, 2020, and dispositive motions would be filed no later than October 9, 2020. [ECF No. 81].

By letter dated August 7, 2020, received by the SCDC mail room on August 10, 2020, and received by this court on August 12, 2020, Plaintiff submitted a document the court has construed as the instant motion to amend his complaint, including a proposed amended complaint. [*See* ECF Nos. 90, 90-1, 90-2].

## II.    Discussion

### A.    Standard on Motion to Amend

Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading with leave of court and further states "[t]he court should freely give leave when justice so requires." "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen,* 238 F.3d 273, 276 (4th Cir. 2001) (citations and emphasis omitted).

### B.    Analysis

As stated, Plaintiff original complaint focused on events that allegedly transpired on May 3, 2019. Plaintiff's proposed amended complaint primarily adds factual details regarding events leading up to, occurring on, and following May 3, 2019, including concerns he had prior to the main events in question and his continued efforts following those events to secure adequate medical treatment. Plaintiff also may be attempting to add a claim against Defendants based on alleged violations of his Fourteenth Amendment rights and briefly includes allegations of retaliation, negligence, and gross negligence. [See ECF No. 90 at 8, 28, 33, 40].

In addition to the above proposed amendments, Plaintiff also seeks (1) to add allegations concerning another assault by correctional officers not named nor sought to be named in the instant suit, allegedly occurring on

March 1, 2020, and (2) to add as one or more defendants Nurse Jane Doe or Does[1] and remove as a defendant Takisha Smith. *See id.* at 2, 32.[2]

Although Plaintiff states he believes the March 1, 2020 assault occurred in retaliation for action taken against the officer who assaulted him on May 3, 2019, the two assaults are unrelated such that allowing Plaintiff to assert claims based on the March 1, 2020 assault would be unduly prejudicial to Defendants and unduly delay this action. *See, e.g., Collins v. South Carolina*, C/A No. 818-2596-MGL-JDA, 2019 WL 4195539, at *3 (D.S.C. Aug. 7, 2019), report and recommendation adopted, C/A No. 8:18-2596-MGL, 2019 WL 4194335 (D.S.C. Sept. 4, 2019) ("Plaintiff's new claim is unrelated to the claims in his original pleading and must be pursued, if at all, in a separate action.").

Additionally, during the pendency of Plaintiff's motion, discovery has expired in this case. Plaintiff has not informed the court why he has been unable to secure the necessary discovery to determine who the proposed Nurse Jane Doe or Does are and has not sought to conduct additional discovery to determine the names of these proposed defendants. Based on

---

[1] Plaintiff identifies various John and Jane Does throughout the proposed amended complaint, but appears to only identify Nurse Jane Doe or Does as a potential new defendant or defendants. [*See* ECF No. 90 at 2, 6, 11, 25–26].

[2] It appears Plaintiff attempted to serve both defendant Takisha Smith and Nurse White, but summonses as to these potential defendants were returned to the court unexecuted. [*See* ECF Nos. 30, 38].

this lack of information, the court declines to allow Plaintiff to add defendants at this stage of this litigation as unduly prejudicial to Defendants and in that it would cause undue delay.

Defendants do not specifically address any of Plaintiff's proposed amendments, and instead argue generally that Plaintiff's motion should be denied "because it is highly prejudicial to Defendants, will cause undue delay and waste judicial resources, and the proposed Amended Complaint contains matters which are redundant, immaterial, irrelevant, would be futile, and potentially confusing while providing no probative value." [ECF No. 91 at 1].

Except as stated otherwise above, the undersigned disagrees. First, although Defendants argue this case is "in the late stages of the proceedings" and granting Plaintiff's motion would cause litigation "essentially [to] begin for a second time," *id.* at 5–6, Defendants appear to overstate the impact of Plaintiff's relatively limited proposed additions to his complaint, particularly given the instruction provided by the court above.[3]

Similarly, the court rejects Defendants' general argument that "Plaintiff is attempting add allegations and issues that are unrelated to the Defendants and issues alleged in the original Complaint," *id.* at 5, except as

---

[3] Defendants are correct that discovery has been exchanged, Plaintiff has been deposed, and discovery has closed. Given the court's order, it does not appear additional discovery is needed. However, to the extent either party believes additional discovery is needed, as discussed more below, the party can file a motion seeking additional discovery.

provided above. Defendants do not cite to or reference specific unrelated allegations and issues found in Plaintiff's proposed amended complaint, only noting that Plaintiff includes allegations that are subsequent to the May 3, 2019 events and allegations concerning individuals not party to this lawsuit. *Id.* However, Plaintiff alleges that allegations concerning events occurring after May 3, 2019, occurred because of the May 3, 2019 alleged events, and review of Plaintiff's proposed amended complaint does not indicate that these new allegations are so unrelated to allegations found in Plaintiff's original complaint that Defendants would be unduly prejudiced or that this action would be unduly delayed.

Finally, Defendants also argue that because Plaintiff previously filed a motion to dismiss his complaint, filed a motion to withdraw that motion within the time frame directed by the court, and, in the interim, filed a motion for extension of time regarding the court's scheduling order, "Plaintiff has used the Court's leniency in order to prolong litigation in bad faith, waste judicial resources, and to skirt the Rules and Orders of the Court." *Id.* at 3. Relatedly, Defendants state "Plaintiff has failed to show that he has made a good faith effort to adhere to the Court's deadlines." *Id.* at 4.

In reviewing the docket, the undersigned discerns no bad faith on the part of Plaintiff who has diligently and timely filed motions and diligently and timely responded to court orders. Specifically regarding Plaintiff's

instant motion to amend, Plaintiff has repeatedly and successfully moved the court for additional time to amend his complaint, citing the difficulties he has had in securing his belongings, including legal papers, following his transfer from BRCI to Kirkland Correctional Institution and during the ongoing COVID-19 pandemic. [*See* ECF Nos. 35, 54, 65, 73, 76, 80]. Thereafter, Plaintiff filed the instant proposed amended complaint within the deadline set by the court to so file.[4]

In sum, Defendants have not shown that Plaintiff's proposed amended complaint is prejudicial, made in bad faith, or futile.[5]

III.    Conclusion

The undersigned denies Plaintiff's motion to amend to the extent it seeks to add allegations concerning events that occurred on March 1, 2020, and seeks to add additional defendants, but otherwise grants Plaintiff's motion. [ECF No. 90]. The Clerk is directed to separately docket the proposed amended complaint found at ECF No. 90, striking paragraphs 68–70 on page 32 and removing Nurse Takisha Smith as a defendant, consistent with this order. Defendants' answers to the amended complaint are due by September

---

[4] Because Plaintiff is a prisoner, he is afforded the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[5] In so holding, the undersigned expresses no opinion as to the merits of Plaintiff's proposed amendments and notes Defendants did not put forth any argument in support of their position that Plaintiff's proposed amendments are futile.

29, 2020. If the parties believe additional time is needed for discovery related to the new allegations, they are directed to file a motion indicating their reasons for seeking additional discovery no later than October 2, 2020.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 14, 2020                           Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge