IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Lee Phillips, | ) | C/A No.: 1:19-3533-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Officer Thomas Pattman; Officer | ) | REPORT AND |
| Landry; Officer Cummings; Nurse | ) | RECOMMENDATION |
| Birchmoore; Nurse White; Mental | ) | |
| Health Counselor Harris; Warden | ) | |
| Michael Stephan; Deputy Warden | ) | |
| Brandi Lathan; and Mental Health | ) | |
| Doctor Taresa Torres, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights by Defendants. On January 15, 2021, Defendants[1] filed motions for summary judgment. [ECF Nos. 112–114]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file an adequate response(s) by February 17, 2021. [ECF No. 115]. Plaintiff was specifically

---

[1] The only defendant who has not filed a motion for summary judgment is Nurse White, whom Plaintiff has not properly served and who has not appeared in this action. Plaintiff was advised by order dated January 14, 2020, unserved defendants may be dismissed as parties if they are not timely served. [ECF No. 13]. After two attempts, Plaintiff has failed to serve White, and the undersigned recommends she be dismissed.

advised that if he failed to respond adequately, the motions may be granted. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to Defendants' motions.

On February 23, 2021, the court ordered Plaintiff to advise by March 9, 2021, whether he wished to continue with the case. [ECF No. 119]. On February 24, 2021, the court receiving a mailing from Plaintiff requesting an extension of time. [ECF No. 121]. The court further extended Plaintiff's deadline to respond to the motions until March 22, 2021. [ECF Nos. 122]. Plaintiff has filed no response. As such, it appears to the court that he does not oppose the motions and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

March 26, 2021                          Shiva V. Hodges
Columbia, South Carolina        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).