IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Joshua Lee Phillips, #312606 )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Officer Thomas Pattman, Officer Landry,)<br>Officer Cummings, Nurse Birchmoore,)<br>Nurse White, Mental Health Counselor)<br>Harris, Warden Michael Stephan, Deputy)<br>Warden Brandi Lathan, and Mental Health)<br>Doctor Taresa Torres, each in their individual)<br>and official capacities, )<br>)<br>Defendants. )<br>_____) | Case No.: 1:19-cv-03533-JD-SVH<br><br><br><br>**OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Joshua Lee Phillips ("Phillips" of "Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Broad River Correctional Institution ("BRCI").

Phillips filed a Complaint on December 19, 2019, against Officer Thomas Pattman, Officer Landry, Officer Cummings, Nurse Birchmoore, Nurse White, Mental Health Counselor Harris, Warden Michael Stephan, Deputy Warden Brandi Lathan, and Mental Health Doctor Taresa

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Torres (collectively "Defendants"), each in their individual and official capacities, alleging *inter alia* Eighth Amendment violations, excessive use of force, and denied medical treatment. (DE 1, p.5)

Defendants, with the exception of Defendant Nurse White,[2] filed Motions for Summary Judgment on January 15, 2021. (DE 112-114.) As Plaintiff is proceeding *pro se*, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file an adequate response(s) by February 19, 2021. (DE 115.) Plaintiff was specifically advised that if he failed to respond adequately, Defendants' Motions for Summary Judgment may be granted.

Thereafter, Plaintiff filed a Motion for Extension of Time, which was granted, but he failed to file a response by the new deadline, March 22, 2021. (DE 122.) The Magistrate issued a Report recommending dismissal for failure to prosecute. (DE 124.) The Magistrate vacated that Report after Plaintiff filed an additional Motion for Extension of Time (DE 126, 127), which the Court granted, allowing Plaintiff until June 15, 2021, to file a response. (DE 129.) The Court informed Plaintiff that no further extensions would be granted "as this extension reflects a deadline five months after the motions were filed." (DE 129.) Notwithstanding, Plaintiff filed an additional Motion for Extension of Time, which was granted (out of an abundance of caution), allowing Plaintiff until July 6, 2021, to file a response. (DE 131, 132.) No response has been filed, and the deadline to do so has lapsed.

On July 19, 2021, the Magistrate Judge issued the Report, recommending that Plaintiff's case be dismissed for failure to prosecute because, despite multiple opportunities and the specific

---

[2]     The only Defendant who has not filed a Motion for Summary Judgment is Nurse White, whom Plaintiff has not properly served and who has not appeared in this action. Plaintiff was advised by order dated January 14, 2020, that unserved defendants may be dismissed as parties if they are not timely served. (DE 13.) After two attempts, Plaintiff has failed to serve White, and White is hereby dismissed.

warning and instructions set forth in the Court's Orders, including the Court's Roseboro Order, Plaintiff has failed to respond to Defendants' Motions for Summary Judgment. Although Plaintiff has argued to the Court that he has been unable to submit a response because of the "constant quarantine due to Covid-19" (DE 121 and DE 126), as noted by the Court, according to Plaintiff's own evidence, the quarantine has not been constant, and Plaintiff could have prepared much of his response even while quarantined. (DE 132.) Defendants' motions have been pending for over six months, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. (DE 134.)

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 134) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

                                                                                              _____
                                                                                              Joseph Dawson, III
                                                                                              United States District Judge

Greenville, South Carolina
August 6, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.